WHERRITT (SHAWHAN v.). See Case No. 12,728.

WHERRY (McFERRAN v.). See Case No. 8,792.

———

## Case No. 17,505.

### WHETCROFT v. BURFORD.

[2 Cranch, C. C. 96.] [1]

Circuit Court, District of Columbia. Dec. Term, 1813.

ASSUMPSIT—SET-OFF—ACCOUNT.

An account for work and labor cannot, at the trial, be given in evidence upon non assumpsit. as a set-off, unless the account has been filed and notice given.

Assumpsit, against the defendant, as indorser of the note of Ambrose White. indorsed by Burford to Minifie. and by Minifie to Whetcroft as his agent and trustee.

Mr. Law, for defendant. offered to prove work and labor done by White for Minifie on account of this note.

Mr. Key, for plaintiff, objected, because notice of such set-off had not been given before the jury was sworn.

THE COURT (nem. con.), upon consideration of the Maryland act of 1785. c. 46. § 7, which requires the account to be filed, or pleaded, refused to receive the evidence.

[See Case No. 17,507.]

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 17,506.

### WHETCROFT v. DUNLOP.

[1 Cranch, C. C. 5.] [1]

Circuit Court, District of Columbia. April Term, 1801.

VACATING JUDGMENT—SPECIAL DEMURRER.

A special demurrer will not be admitted to set aside an office judgment.

[This was an action by Whetcroft's administrator against John Dunlop.]

THE COURT refused to admit a special demurrer to the declaration to be filed on setting aside the office judgment. The cause of demurrer assigned was the want of profert of the letters of administration.

———

## Case No. 17,507.

### WHETCROFT et al. v. WHITE.

[2 Cranch, C. C. 96.] [1]

Circuit Court, District of Columbia. Dec. Term, 1813.

PROMISSORY NOTES—INDORSEMENT—ATTACHMENT.

If the indorser of a promissory note accept an order from the indorsee for the amount of the note. in favor of a third person. a subsequent attachment of the money in the hands of the indorser, by a creditor of the indorsee, will not avail him.

Assumpsit against the maker of a promissory note indorsed by Burford to Minifie, who indorsed it to Whetcroft in trust for the benefit of Minifie. Minifie. being indebted to Long, gave him an order on Burford to let Long have such goods as he should want. Burford accepted the order. Vickers and others, creditors of Minifie, served an attachment on Burford, and on White, and on Whetcroft. Burford afterwards let Long have goods on account of the order.

Mr. Key, for plaintiff, contended that the attachment having been served on Burford before he delivered the goods to Long, (although after his acceptance of the order,) bound Burford, and that his delivery of them afterwards was in his own wrong.

Mr. Law, contra.

THE COURT (FITZHUGH, Circuit Judge, absent,) said the order and acceptance were to be presumed to be equal to the amount of the debt due from Burford to Minifie, and were an assignment thereof to Long; and that the assignment of the note to Whetcroft. being for the benefit of Minifie, the payment by Burford to Long was a good set-off.

[See Case No. 17,505.]

———

[1] [Reported by Hon. William Cranch, Chief Judge.]